UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| MITCHELL L. WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-407-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Mitchell L. Walters ("Walters") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 4 and 6] Through this action, Walters seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Walters.

**I.      LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b). Second, a claimant must show that he suffers from a

severe impairment. 20 C.F.R. §§ 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). The ALJ is charged with making credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. In short, credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.   PROCEEDINGS BEFORE THE ALJ

Walters has a high school education and past work as a laborer. He complains that he is disabled as a result of pain in his left arm and shoulder, lower back, left hip and leg. In addition, he asserts that he also suffers from severe headaches and is constantly nervous.

On June 13, 2003, and September 8, 2003, administrative hearings were held before ALJ Andrew J. Chwalibog in Prestonsburg, Kentucky. During these hearings, the ALJ heard testimony from Walters and from vocational experts ("VE") Dean Owen and Leah Salyers. Thereafter, the ALJ issued a decision denying benefits to Walters. The ALJ concluded that Walters retained the residual functional capacity to perform light work. [Transcript ("Tr."), p. 21]

## III.   DISCUSSION

### A.   *Information Presented to the VE / Improper Hypothetical*

Walters argues that the ALJ's hypothetical to the VE was improper because it did not accurately reflect his functional abilities and limitations. In *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235 (6th Cir. 2002), the Sixth Circuit reversed the Commissioner's denial of benefits

because a faulty hypothetical question did not accurately describe the claimant's abilities. As the Court noted, hypothetical questions posed to VEs for the purpose of determining whether a claimant can perform other work should be a complete and accurate assessment of the claimant's physical and mental state which should include an "accurate portrayal of her individual physical and mental impairments." *Id*. at 239; *Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987); *Myers v. Weinberg*, 514 F.2d 293, 294 (6th Cir. 1975).

Where a hypothetical question fails to describe accurately the claimant's physical and mental impairments, the defect can be fatal to the VE's testimony and the ALJ's reliance on it. An ALJ, however, is not required to restate verbatim a medical report to a VE in order to accurately state a claimant's relevant impairments. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Thus, the central question is not whether the hypothetical question posed to the VE recounts all of the medical findings, impairments and conditions, but whether it is a fair, complete and accurate summation regarding the claimant's abilities and overall mental and physical state, based upon the available evidence and testimony. *See Foster v. Halter*, 279 F.3d 348, 356 (6th Cir. 2001); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Felinsky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Davis v. Sec'y of Health & Human Services*, 915 F.2d 186, 189 (6th Cir. 1990); *Higgs*, 880 F.2d at 863; *Varley*, 820 F.2d at 779. Moreover, merely because a claimant was diagnosed with a condition does not mean such diagnoses must be included in a hypothetical. The medical evidence must support such a diagnosis and must support a finding that the diagnosis causes functional debilitation. *Id*.

More recently, the Sixth Circuit addressed Walter's argument that the hypothetical to the VE was deficient because it did not list all of his ailments. In *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629 (6th Cir. 2004), the court held that

> there is some confusing language in *Howard* that could conceivably be viewed as requiring that hypothetical questions include lists of claimants' medical conditions. However, we conclude that, given the facts present in *Howard*, that language is not part of its holding, nor can it be so construed if *Howard* is to be read to be consistent with the holdings of our prior decisions.

*Id.* at 631-32. Thus, an ALJ is *not* required to present an exhaustive list of a claimant's medical conditions to the VE in his hypothetical. As the *Webb* court noted,

> [t]he vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, *along with the ALJ's assessment of what she "can and cannot do,"* there exist a significant number of employment opportunities for her in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

*Id.* at 633 (emphasis added).

Here, the relevant hypothetical question required the VE to assume an individual with Walter's age, education and work experience and having the following restrictions:

> limited to lifting 20 pounds frequently, 20 pounds occasionally, so a 20 pound max; has the ability to stand or walk for six to eight hours out of an eight hour day, nor more than a half hour to one hour at a time, the ability to sit for six to eight hours out of a eight hour day, no more than one half to one hour at a time; occasionally climb, stoop, kneel, crouch, balance and crawl, and no loud background noises.

[Tr., p. 63-64] The VE relied upon these limitations when he opined that Walters could perform more than four million jobs in the national economy. This hypothetical question incorporated

all the relevant restrictions and limitations regarding Walter's ability to work. ALJ Chwalibog carefully evaluated the relevant medical evidence presented as well as the Claimant's subjective claims and evidence relating to those claims. In doing so, the ALJ included the relevant limitations that were supported by the objective evidence. As discussed in *Webb*, such limitations were sufficient to impart the relevant medical information to the VE and allowed the VE to offer an informed opinion regarding Walter's ability to find employment.

    B.  *Complaints of Pain*

Walters also contends that the ALJ did not properly evaluate his complaints of pain. However, the Court finds that the ALJ properly considered all relevant factors. At the outset, it should be noted that complaints of pain may be sufficient to support a claim of disability. *Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating such claims, the ALJ should look to the medical evidence to determine if subjective complaints of pain have a basis. Such reference to medical evidence is helpful in making credibility determinations concerning such claims.[2]

In the context of a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C.

---

2 With respect to the issue of a claimant's credibility, it should be noted that, where an ALJ has the unique opportunity to observe the demeanor of a claimant, his conclusions with respect to credibility should not be discarded lightly. *Varley*, 820 F.2d at 780 (quoting *Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).

§ 423(d)(5)(A). In addition, the Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

Objective medical evidence confirms that Walters suffers some degree of pain associated with his impairments. However, the evidence presented to the ALJ does not constitute substantial evidence that the pain is of such a severity that it is disabling. [Tr., p. 20] In view of the evidence presented that the Claimant overstated the degree of pain experienced, the Court finds that the Commissioner's decision should not be set aside for this reason.

### IV. CONCLUSION

The ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

(1) Claimant's Motion for Summary Judgment [Record No. 4] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 6] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 7th day of July, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge